U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 25 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DINA L. McDUFFY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2247-P |
| | § | |
| RICHARD B. JESSUP, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Dina L. McDuffy, an African-American female approaching 50 years of age, against her former employer, Atlantis Trading Corporation, and the owner of the company, Richard B. Jessup. On November 24, 2009, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on December 23, 2009 and January 20, 2010. The court now determines that plaintiff should be permitted to prosecute a retaliation claim against defendants under the Family Medical

Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* Her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), *et seq.*, should be summarily dismissed.

II.

Plaintiff was employed by Atlantis Trading Corporation as a sales representative for more than 15 years. On October 15, 2008, plaintiff sustained a work-related injury that required surgery and extended medical leave. (*See* Mag. J. Interrog. #1). Because of her underlying disability and use of medical leave, plaintiff alleges that she was fired by the company on April 23, 2009. (*See id.* & Attch. 1). On August 24, 2009, plaintiff filed a charge of discrimination with the EEOC alleging that she was terminated on the basis of her disability. (*See* Sec. Mag. J. Interrog. #2 & Attch.). Nowhere in the charge did plaintiff complain of discrimination on the basis of race or age. (*Id.*). After concluding that plaintiff failed to present sufficient evidence of a statutory violation, the EEOC issued a right-to-sue letter. (*Id.*, Attch.). The letter, which was given to plaintiff on August 24, 2009, plainly states:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

(*Id.*, Attch. & Sec. Mag. J. Interrog. #6) (emphasis in original). On November 24, 2009, 92 days after receiving the right-to-sue letter, plaintiff filed this action in federal district court. In her complaint and interrogatory answers, plaintiff attempts to assert claims for violations of Title VII, the ADA, the ADEA, the EPA, and the FMLA.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to exhaust administrative remedies with respect to her race discrimination and age discrimination claims. Under both Title VII and the ADEA, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g.*

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003) (Title VII); *Julian v. City of Houston*, 314 F.3d 721, 725-26 (5th Cir. 2002) (ADEA). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

Here, plaintiff's EEOC charge alleges only disability discrimination. (*See* Sec. Mag. J. Interrog. #1, Attch.). Plaintiff did not check the boxes marked "race" or "age" on the charge form, or make any reference to race or age discrimination on the part of defendants. As a result, plaintiff may not bring a race or age discrimination claim in federal court. *See Van Myers v. Johanns*, No. 3-06-CV-2060-K, 2007 WL 177881 at *3 (N.D. Tex. Jan. 24, 2007), *citing Gonzales-Alemany v. Nicholson*, No. SA-04-CA-0773, 2006 WL 2706789 at *9 (W.D. Tex. Sept. 15, 2006) (plaintiff precluded from asserting age discrimination claim where she did not disclose claim to EEOC in a charge or otherwise).

C.

The court further determines that plaintiff's disability discrimination claim is barred by limitations. Under the ADA, an aggrieved party must file suit in federal district court within 90 days after being notified of her right to sue by the EEOC. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 411 (5th Cir. 2003), *citing* 29 C.F.R. § 1601.19(a). This limitations period is strictly construed and must not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d

196 (1984); *see also Taylor*, 296 F.3d at 379. While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Stith v. Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *5 (N.D. Tex. Mar. 12, 2004), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit requirements for equitable tolling). Stated differently, equitable tolling may apply "where the claimant has vigorously pursued [her] action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of [discrimination] claims." *Rowe*, 967 F.2d at 192.

Plaintiff received her right-to-sue letter on August 24, 2009, the same day she filed her EEOC charge. (*See* Sec. Mag. J. Interrog. #6). Yet she did not file this lawsuit until November 24, 2009-- 92 days later. As an explanation for this two-day delay, plaintiff states that she is indigent and that her "husband has no job [and] he has mental problems from the war[.]" (*Id.*). However, "[f]inancial hardship . . . is not sufficient to warrant equitable tolling of the limitations period." *Modisette v. Dallas Area Rapid Transit*, No. 3-06-CV-2199-B, 2007 WL 582746 at *2 (N.D. Tex. Feb. 23, 2007), *quoting Hannahs v. United States*, No. 94-2459-G, 1995 WL 230461 at *3 (W.D. Tenn. Jan. 30, 1995). Plaintiff does not allege, much less offer any evidence, that she actively pursued her judicial remedies during the statutory filing period or was tricked or induced by defendants into allowing the filing deadline to pass. Under these circumstances, there is no basis for equitable tolling. *Id.*; *see also Diggs v. Cunningham*, No. 3-04-CV-1367-D, 2005 WL 2174956 at *3 (N.D. Tex. Sept. 6,

2005), *rec. adopted*, 2005 WL 2317055 (N.D. Tex. Sept. 20, 2005) (declining to toll 90-day limitations period in Title VII action absent proof that plaintiff was actively misled by defendant or actively pursued judicial remedies during filing period).

D.

Plaintiff's EPA claim is not subject to a 90-day limitations period or the exhaustion requirement. Nevertheless, that claim also fails. To establish an equal pay violation, plaintiff must show that defendants discriminated "between employees on the basis of sex" by compensating male employees and female employees differently for equal work. *See Siler-Khodr v. Univ. of Texas Health Science Cntr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 694 (2002). In her interrogatory answers, plaintiff acknowledges that there were no similarly situated male employees who received higher pay for the same or equal work. (*See* Sec. Mag. J. Interrog. #4). Rather, plaintiff alleges "favoritism towards the white women, they would always get the good accounts[.]" (*Id.*). Such an allegation does not state a claim under the EPA.

E.

That leaves plaintiff's claim for retaliation under the FMLA. The FMLA allows qualified employees up to 12 work weeks of leave during any 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The statute contains two distinct types of provisions-- prescriptive and proscriptive. *See Hurt v. Ecolab, Inc.*, No. 3-05-CV-1508-BD, 2006 WL 1409520 at *3 (N.D. Tex. May 23, 2006) (citing cases). To protect the prescriptive rights of eligible employees, the FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]." 29 U.S.C. § 2615(a)(1). When proving a violation of an employee's prescriptive rights, the subjective intent of the employer

is irrelevant. *Hurt*, 2006 WL 1409520 at *3. "The issue is simply whether the employer provided its employee the entitlements set forth in the FMLA." *Id., quoting Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998). In addition to its prescriptive obligations, an employer may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a)(2). This proscriptive aspect of the statute prohibits employers from "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions[.]" 29 C.F.R. § 825.220(c); *see also Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998), *cert. denied*, 120 S.Ct. 175 (1999); *Hurt*, 2006 WL 1409520 at *3.

Plaintiff alleges that she was fired for taking FMLA leave and accuses Richard B. Jessup, the President of Atlantis Trading Corporation, of making threats that she would lose her job "if I don't come back to work after 8 weeks[.]" (*See* Mag. J. Interrog. #1 & 5). Without suggesting a view of the merits of this claim or whether dismissal would be proper in another procedural context, such as a motion for summary judgment, the court determines that plaintiff has alleged sufficient facts in her complaint and interrogatory answers to survive summary dismissal on initial screening.[1]

---

[1] The court also questions whether Jessup has individual liability under the FMLA. The statutory definition of "employer" under the FMLA includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Because this definition of "employer" differs from that used in Title VII and other discrimination statutes, the Fifth Circuit has held that individual liability under the FMLA is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993), *quoting Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983). Still, individual liability has its limits. *See Trevino v. United Parcel Service*, No. 3-08-CV-0889-B, 2009 WL 3199185 at *5 (N.D. Tex. Oct. 5, 2009), *quoting Burris v. Brazell*, No. 3-06-CV-0814-K, 2008 WL 5220578 at *3 (N.D. Tex. Dec. 15, 2008), *aff'd*, 2009 WL 3634408 (5th Cir. Nov. 4, 3009) ("[I]ndividual liability does not automatically accompany supervisory responsibility; even among those in 'supervisory positions' the 'FMLA does not contemplate holding individuals liable for corporate violations.'"). The record is not developed enough at this stage of the proceeding to determine whether Jessup may be held individually liable for the FMLA violations alleged by plaintiff in her complaint and interrogatory answers.

Case 3:09-cv-02247-P   Document 10   Filed 01/25/10   Page 8 of 8   PageID 57

## **RECOMMENDATION**

Plaintiff should be permitted to prosecute a retaliation claim against defendants under the FMLA. Her other claims should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE